### ROCHE v. O'CONNOR.

(Supreme Court, Appellate Division, First Department.   June 24, 1904.)

1. ACTION AGAINST EXECUTOR—APPEARANCE.
     Where an executor was sued in his capacity as an individual and also as executor, he was entitled to appear in each capacity by a different attorney.

2. SAME—DEFAULT.
     An executor was sued as an individual and as executor, and appeared in each capacity by a different attorney. Thereafter the defendant served

a notice of appearance as executor, demanding a copy of the complaint, which notice was signed by A., attorney for defendant, as executor. Plaintiff's attorney, not noticing that defendant had appeared as executor by one attorney and individually by another, served a copy of complaint on the attorney for the executor, but none on the attorney for defendant individually. Within 20 days defendant, as executor, served an answer on plaintiff's attorney, who returned it on the ground that defendant, as executor, was in default. *Held*, that the executor was not in default as claimed.

Appeal from Special Term, New York County.

Action by John D. Roche against John D. O'Connor individually and as executor of the estate of Margaret Powers, deceased. From an order denying a motion to compel plaintiff to accept an answer interposed by defendant as executor, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Adrian M. Potter, for appellant.
Thomas McAdam, for respondent.

INGRAHAM, J. The action was brought against the defendant individually and as executor of the last will and testament of Margaret Powers, deceased. The summons without a complaint was served upon the defendant on the 15th day of December, 1903. On the 31st day of December, 1903, a notice of appearance for John D. O'Connor, individually, signed by Oswald W. Potter, attorney for the defendant, was served. On January 2, 1904, the plaintiff's attorney wrote to the defendant's attorney stating that he was in receipt of a notice of appearance on behalf of the defendant individually, but not as executor, and inquiring whether he was to understand that the defendant as executor intended to default. Thereafter, and on January 2d, there was served upon the plaintiff's attorney a notice of appearance, which stated that "the defendant John D. O'Connor, executor of the last will and testament of Margaret Powers, appears in this action," and demanded a copy of the complaint, which notice was signed, "Adrian M. Potter, Attorney for Defendant, J. D. O'Connor, as Executor." The plaintiff's attorney, not noticing that the defendant had appeared as executor by one attorney and individually by another, on or about the 9th day of February, 1904, served a copy of the complaint upon the attorney who had appeared for John D. O'Connor as executor; but no service of the complaint was made upon the attorney who had appeared for the defendant individually. Within 20 days after the service of the complaint, the defendant, as executor, served an answer upon the plaintiff's attorney. This answer was returned to the attorney for the defendant, as executor, for the reason "that the defendant, John D. O'Connor, as executor in this action, is in default for want of notice of appearance herein, and the plaintiff thereby entitled to judgment against him as such executor"; whereupon the defendant, as such executor, made this motion to compel the plaintiff to accept the answer. The court below granted the motion upon condition that Adrian M. Potter, the attorney for the defendant, as executor, procure the consent to the substitution of the

said Adrian .M. Potter as attorney for defendant individually in the place and stead of Oswald W. Potter, who had appeared for the defendant individually, otherwise denying the motion; and from that order the defendant appealed, claiming that he was entitled to have his answer received by the plaintiff's attorney.

I think the motion should have been granted absolutely. Under the provisions of the Code an executor can be sued both individually and as executor, but when thus sued there are, in effect, two distinct individuals against whom the action is brought—one as against the defendant individually, and another as against him as representing the estate of the decedent. In such a case I can see no reason why he is not entitled to appear by different attorneys. It might well be that the interests would be antagonistic, and that the protection of the estate would necessitate his, as executor, taking a position in antagonism to that which his own interest required that he should take when sued individually. As executor he is defending a claim against his testator. As an individual he is defending a claim against himself. The mistake was caused by the plaintiff's attorney not noticing that the defendant had appeared individually by one attorney, and as executor by another; but the answer served by the defendant as executor was in time, and the plaintiff should have received it. The position taken by the plaintiff in returning the answer is untenable. The notice of appearance stated that the defendant executor appeared, and the notice of appearance is signed by the attorney as attorney for O'Connor as executor. By this notice of appearance the defendant, as executor, appeared in the action, and was not in default for want of appearance, as claimed by the plaintiff.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.